UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| HENRY RACHAL, | ) No. CV 07-02740 (SH) |
|     Plaintiff, | ) MEMORANDUM DECISION |
|     v. | ) AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, Administration, | ) |
|     Defendant. | ) |

      This matter is before the Court for review of the decision of the Commissioner of Social Security denying plaintiff's Application for Disability Insurance Benefits under Sections 216(I) and 223 of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and defendant have filed their pleadings,

defendant has filed the certified transcript of records, and the parties have filed a Joint Stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and the case remanded.

## I. BACKGROUND

On January 20, 1999, plaintiff Henry Rachal ("plaintiff") protectively filed an application for supplemental security income benefits, alleging an inability to work since November 7, 1994. Plaintiff claimed disability due to back pain, status post back surgery, and cirrhosis of the liver. (Administrative Record ["AR"] 21).[1]

The Social Security Administration denied the claim initially and on reconsideration. (AR 590). Plaintiff filed a timely request for an administrative hearing, and on August 8, 2001, the matter proceeded to hearing. On August 30, 2001, an Administrative Law Judge ("ALJ") issued an unfavorable decision. Id.

Plaintiff then requested review by the Appeals Council. On March 7, 2003, the Appeals Council granted his request, vacated the hearing decision, and remanded the case with instructions that the ALJ (1) further consider whether plaintiff is able to perform his past relevant work, and (2) further evaluate plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to the evaluation of symptoms. Id.

On June 9, 2003, the matter proceeded to hearing. On June 24, 2003, an ALJ determined that plaintiff was not disabled within the meaning of the Act because he was able to perform a significant number of jobs in the national economy. Id.

---

[1] Plaintiff sustained a back injury while performing his usual work duties as a dock worker in April 1991. (AR 267). Specifically, plaintiff claimed that a twelve to fifteen foot fall from a truck in April 1991 resulted in debilitating back pain, which prevented him from working. (AR 568).

Plaintiff then requested review by the Appeals Council, which denied the request on December 17, 2004. <u>Id.</u> As a result, plaintiff filed a Complaint with the United States District Court for the Central District of California. On November 30, 2005, the Court reversed and remanded the case for a new hearing. (AR 587-93). The decision ordered the ALJ, upon remand, to deem Dr. Robert Erwin a treating physician, and to reconsider Dr. Erwin's opinions in accordance with the law. (AR 593).

On January 3, 2007, plaintiff had another hearing and, again, the ALJ issued an unfavorable decision on February 7, 2007. (AR 573). The ALJ found that plaintiff had not worked since his alleged onset date and that he suffered from severe impairments of the musculoskeletal system and from myasthenia gravis. (AR 567).[2] However, the ALJ found that plaintiff did not meet or equal a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 566). Rather, the ALJ found that plaintiff had the residual functional capacity ("RFC") for light work with limitations. (AR 573). This RFC was based on the ALJ's adoption of Dr. Jeff Altman's consultative opinion that plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, sit for eight hours, stand and walk for up to two hours in an eight-hour work day, and perform occasional posturals. (AR 569-70). Using this evaluation, the vocational expert concluded that plaintiff could perform jobs that exist in significant numbers in the national economy. (AR 573).

On April 24, 2007, plaintiff appealed directly to the District Court, alleging that the ALJ erred for two reasons: (1) failing to comply with the Court's remand

---

[2] In September 2005 plaintiff was formally diagnosed with myasthenia gravis after having visual difficulties in June 2005. (AR 568). However, plaintiff reported that the effects are controlled with medication. <u>Id.</u>

3

order; and (2) failing to provide clear and convincing reasons for rejecting plaintiff's subjective symptoms. For the reasons discussed below, the Court finds that plaintiff's first claim of error has merit. Since the matter is remanded for further proceedings based on plaintiff's first claim of error, the Court will not address plaintiff's second claim of error.

## II. CONTENTIONS OF THE PARTIES

Plaintiff argues that the ALJ erred in rejecting Dr. Erwin's opinion as the treating physician and failing to re-contact him. Further, plaintiff asks the Court to credit Dr. Erwin's opinion as true and to reverse the case for the payment of benefits to avoid an unfair "heads we win; tails, let's play again" system of disability benefits adjudication. (Joint Stipulation ["Jt. Stip."] at 8-9 (citing Benecke v. Barnhart, 379 F.3d 587, 589 (9th Cir. 2004))). Plaintiff suggests that there is sufficient objective evidence in the record to support Dr. Erwin's opinion, and therefore no need for remand.[3] Additionally, plaintiff claims that the ALJ erred in rejecting the testimony of Dr. Sami Nafoosi, a medical expert to the Office of Hearings and Appeals. (AR 721). Plaintiff argues that the ALJ should at least find for disability as of June 2005, to which Dr. Nafoosi testified, because that date is consistent with plaintiff's first complaints of visual difficulties associated with myasthenia gravis. (Jt. Stip. at 5).

Defendant acknowledges that the ALJ had the duty to re-contact Dr. Erwin, but argues that Dr. Erwin's findings should not be credited as true

---

[3] An MRI dated May 16, 2003, ordered by Dr. Erwin, depicts severe concentric spinal stenosis at L4-L5 with severe narrowing and obliteration of the left neural foramen from disc marginal osteophyte complexes. (Jt. Stip. at 5 (citing AR 694)).

because they are not supported by medical treatment records or objective evidence. (Jt. Stip. at 7). Defendant also notes that plaintiff has a history of alcohol abuse from 1998 through the decision.[1] Id. Although defendant agrees that the ALJ erred by not following the Court's instructions, defendant requests that the Court remand this case so that the ALJ can re-contact Dr. Erwin for supplemental information to support his opinion and to determine what impact plaintiff's alcohol abuse has (or had) on his impairments. Id. at 15-16. With regard to Dr. Nafoosi, defendant states that the ALJ properly rejected his opinion, and argues that Dr. Nafoosi's answers were equivocal. (Jt. Stip. at 8).

## III. DISCUSSION

The Court will address two points of contention below: (1) whether the ALJ erred by failing to deem Dr. Erwin as the treating physician and to re-contact him as previously directed by this Court; and (2) whether the ALJ erred by improperly rejecting Dr. Nafoosi's testimony.

For the reasons set forth below, the Court finds that the ALJ erred by failing to deem Dr. Erwin as the treating physician and to re-contact him, but that the ALJ did not err in rejecting Dr. Nafoosi's testimony.

---

[1] The record shows evidence of intermittent alcohol abuse. (See AR 334, 348, 365, 374, 390, 400, 430). Plaintiff was taken to the emergency room on November 7, 1997, after his mother found him lying on the floor at home in an altered level of consciousness. (AR 374). He had convulsions and told doctors that he drank approximately two to three six-packs of beer per day. Upon discharge, he was diagnosed with delirium tremens related to alcohol abuse. Id. On May 17, 1998, Dr. Seung Ha Lim conducted an evaluation and noted that plaintiff had a history of alcohol abuse. (AR 392-93). Finally, in October 1999, plaintiff was involved in a bar fight, which required him to go to the emergency room for sutures in his hand. (AR 351).

A. <u>The ALJ Erred by Failing to Comply with the District Court Remand Order.</u>

On November 30, 2005, this Court remanded this case, finding that the ALJ failed to provide clear and convincing reasons for rejecting the opinions of plaintiff's treating physician, Dr. Erwin. (AR 593). The Court's order instructed the ALJ to deem Dr. Erwin as the treating physician and to reconsider Dr. Erwin's opinions in accordance with the law. <u>Id</u>. Specifically, the ALJ was directed to make reasonable efforts to re-contact Dr. Erwin and attempt to resolve any alleged inconsistencies in his assessment. (AR 592).

On remand, the ALJ failed to follow the Court's instructions. In his February 7, 2007 opinion, the ALJ found that plaintiff could perform light work – adopting the opinion of State Agency consulting physicians and denying Dr. Erwin's 2001 assessment significant weight.[5] (AR 569-72). The basis for the ALJ's conclusion can be summarized as the following: (1) Dr. Erwin does not qualify as treating physician because his contact with plaintiff was inadequate to show that he had sufficient knowledge of plaintiff's condition; and (2) Dr. Erwin's opinions, expressed in "check-the-box" form, are not substantiated by objective evidence (such as clinical studies and treatment notes), and are more restrictive than existing evidence supports. (AR 571-72).

---

[5] In his 2001 assessment, Dr. Erwin opined that plaintiff was limited to lifting and carrying no more than ten pounds occasionally, one hour of standing and walking each per day, and six hours of sitting in an eight-hour day. (AR 516). Additionally, he opined that plaintiff could not perform posturals, could only occasionally reach, and suffered from moderate pain. (AR 516-17).

A physician may be considered a treating physician, even if he only treats a patient once, if he is part of a treatment team. <u>Benton v. Barnhart</u>, 331 F.3d 1030, 1035-39 (9th Cir. 2003). Dr. Erwin was one of two physicians from Kern Medical Group who treated plaintiff. (AR 413-27).

A treating physician's opinion is entitled to greater weight than that of an examining physician. <u>Magallanes v. Bowen</u>, 881 F. 2d 747, 751 (9th Cir. 1989). The ALJ may not reject the treating physician's opinion if it is contradicted by another doctor, without providing specific, legitimate reasons supported by substantial evidence in the record. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). For example, treating physicians' opinions are not accorded more weight if they are conclusory or not supported by medical evidence. <u>Batson v. Comm'r of Soc. Sec.</u>, 359 F.3d 1190, 1195 (9th Cir. 2004). However, where the ALJ finds the record inadequate to indicate the basis of the treating physician's opinion, the ALJ has the duty to develop the record. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996); <u>see also</u> Social Security Ruling 96-5p (when a treating opinion is ambiguous, inconsistent, incomplete, or appears not to be based on objective findings, the Commissioner must make every reasonable effort to re-contact the treating medical source for clarification). Here, the ALJ "[did] not assign much weight" to Dr. Erwin's opinion,[6] and did not re-contact, or make reasonable efforts to re-contact, him in order to supplement his 2001 assessment. (<u>See</u> AR 564-73).

Plaintiff argues that the ALJ should not get "another bite at the apple" because multiple opportunities to "get it right" have already been granted. (Jt. Stip. at 9, 15). However, plaintiff cites <u>Benecke v. Barnhart</u>, where the Court

---

[6] (AR 572).

awarded benefits without remand due to the nature of the particular disease at issue. (Jt. Stip. at 9; <u>Benecke</u>, 379 F.3d at 594). That is, the ALJ erred by requiring objective evidence to establish the "existence of a disease that eludes such measurement." <u>Id.</u> at 594 (citing <u>Green-Younger v. Barnhart</u>, 335 F.3d 99, 108 (2d Cir. 2003)). Thus, additional evidence would not have substantially added to the record. <u>Id.</u>

To the contrary, here, any additional evidence that Dr. Erwin might provide will potentially impact the record. During the January 3, 2007 hearing, when given a hypothetical scenario that mimicked Dr. Erwin's assessment, the vocational expert testified that those limitations supported the conclusion that plaintiff was unable to perform sedentary work. (AR 728-29). Assuming *arguendo* this position is adopted and plaintiff is determined incapable of performing sedentary work, he would be considered disabled for the purposes of the Act. Therefore, evidence clarifying Dr. Erwin's opinion is essential to determine plaintiff's disability status.

Plaintiff also argues that a court may award benefits when "the delay involved in repeated remands has become unconscionable." (Jt. Stip. at 15 (citing <u>Seavey v. Barnhart</u>, 276 F.3d 1, 13 (1st Cir. 2001))). However, <u>Seavey</u> cites <u>Miller v. Chater</u>, where the court remanded for a fifth administrative hearing with the cautionary note that the administration was not entitled to endless review. <u>Id.</u> at 29 (citing <u>Miller v. Chater</u>, 99 F.3d 972, 978 (10th Cir. 1996)). Additionally, <u>Morales v. Apfel</u> is cited where "substantial evidence" in the record proving severe disability enabled the court to grant benefits. <u>Id.</u> at 28-29 (citing <u>Morales v. Apfel</u>, 225 F.3d 310, 320 (3d Cir. 2000)). Here, on second remand from this Court due to an incomplete record, this case does not rise to the level of "unconscionable."

For these reasons, Dr. Erwin should have the chance to further explain his conclusions. Additionally, he should be re-contacted in order to discover what impact alcoholism had (or has) on plaintiff's ability to work.[7] In sum, where outstanding issues remain to be addressed, remand for further proceedings is appropriate. Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir. 2000).

### B. The ALJ Did Not Err by Rejecting Dr. Nafoosi's Testimony.

Dr. Nafoosi testified during the January 3, 2007 hearing per the ALJ's request. (Jt. Stip. at 5). He stated that plaintiff suffered from disorder of the lumbar spine, myasthenia gravis, hypertension, and history of alcohol abuse (possibly in remission). (AR 722). He categorized the lumbar spine and myasthenia gravis as "severe," and opined that plaintiff equaled Listing 1.04 A or C and 11.12B as of June 2005, but that prior to that time, plaintiff's impairments would not have met a listing. Id.

The ALJ rejected Dr. Nafoosi's testimony that plaintiff was disabled under the Act as of June 2005. (AR 570). He based his determination on the grounds that Dr. Nafoosi could not explain why plaintiff "suddenly" met the listing as of that date, and that he "seemed to be very hesitant and unprepared on the accuracy of the myasthenia gravis diagnosis and the scope of the disease . . . ." (AR 570).

---

[7] Although the ALJ noted plaintiff has a history of alcohol abuse, he failed to develop the record on the issue of cirrhosis, and did not address what impairments would remain if plaintiff stopped using alcohol. See 42 U.S.C. § 423(d)(2)(c) (providing that an individual will not be considered disabled if alcoholism is a contributing factor material to the determination that the individual is disabled); 20 C.F.R. § 416.935(b)(1) (providing that the key factor in determining whether alcoholism is material to the disability determination is whether the individual would still be found disabled if said individual stopped using alcohol).

Though the opinion of a non-examining physician may serve as substantial evidence when the opinion is consistent with evidence in the record,[1] the ALJ may reject it if it is "conclusory, and inadequately supported by clinical findings." Downing v. Barnhart, 167 Fed. Appx. 652, 653 (9th Cir. 2006) (citing Thomas, 278 F.3d at 957).

Here, the transcript shows that Dr. Nafoosi, a non-examining medical expert, was inconsistent in his answers and did not appear entirely prepared or familiar with the plaintiff's impairments. (See AR 725). Further, Dr. Nafoosi's conclusory opinion that plaintiff met a listing as of June 2005 was not supported by adequate rationale. Rather, he wavered in his analysis of various listings,[2] and limited the explanation of his opinion to plaintiff having "a little bit of this and a little bit of that." Id. The Court agrees that Dr. Nafoosi did not provide a sufficient analysis of his determination that plaintiff met a listing as of June 2005.

## IV.  ORDER

Because the ALJ wholly ignored this Court's remand order, the Court orders a new ALJ to re-contact Dr. Erwin for further evidence and to conduct a new hearing. For the foregoing reasons, the decision of the Commissioner is reversed, and the matter remanded for further proceedings, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Date: June 30, 2008

_____/s/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

[2]  (See AR 722-25).